UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISNOLD NERESTANT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST IMMIGRATON AND CUSTOMS ENFORCEMENT PROCESSING CENTER,<br><br>Respondent.[1] | C26-3889 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Isnold Nerestant's *pro se* petition for a writ of habeas corpus, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following order.

**Background**

Petitioner is a citizen of Haiti. Reed Decl. ¶ 3 (docket no. 7). On December 23, 2023, U.S. Border Patrol detained petitioner near the U.S.–Mexico border. *Id.* ¶ 4;

[1] The United States appears in this action as an interested non-party. *See* Notice of Appearance (docket no. 5).

Nerestant Decl. ⁋⁋ 6, 14 (docket no. 2). Petitioner subsequently demonstrated a credible fear of returning to Haiti, and by February 2024, he was paroled into the United States. Reed Decl. ⁋⁋ 6–10 (docket no. 7). Petitioner later applied for, and was granted, temporary protected status under 8 U.S.C. § 1254a. Reed Decl. ⁋⁋ 12–13 (docket no. 7).

Petitioner then received work authorization, a social security number, and a Washington driver's license. *See* Exs. A, B, & C to Pet. (docket no. 1-1). He has no criminal history and resides in Kent, Washington. *See* Nerestant Decl. ⁋⁋ 18–20 (docket no. 2). In February 2026, petitioner's temporary protected status was cancelled. Nerestant Decl. ⁋ 6 (docket no. 2); Reed Decl. ⁋ 15 (docket no. 7). Petitioner has applied for relief with U.S. Citizenship and Immigration Services, and he maintains an active asylum application. *See* Nerestant Decl. ⁋ 9 (docket no. 2); Reed Decl. ⁋ 14 (docket no. 7).

On August 25, 2026, Officers with the Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") "encountered" petitioner in Federal Way, Washington; they issued an arrest warrant[2] and detained petitioner at the Northwest ICE Processing Center ("NWIPC"), where he is currently detained. *See* Reed Decl. ⁋ 16 (docket no. 7). Petitioner appeared for a bond hearing on October 6, 2026, and an IJ determined that petitioner had failed to show that he did not

---

[2] The sequence of these events is not clear in the declaration. The warrant may have been issued either before or after ERO encountered petitioner. *See* Reed Decl. ⁋ 16.

present a risk of flight.[3] *Id.* ⁋ 19. A merits hearing concerning petitioner's removability is set for November 2, 2026. *Id.* ⁋ 17.

On October 13, 2026, petitioner filed the present petition for habeas relief. *See* Pet. (docket no. 1). He seeks immediate release, or in the alternative, a bond hearing at which the government bears the burden of proof. *Id.* ⁋ 5.

## **Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

### A. Statutory Basis for Detention

The government argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). However, the government acknowledges that "some of Petitioner's immigration documents may cite [8 U.S.C. §] 1226(a) as the arrest/detention authority"; his initial release is consistent with a release pursuant to § 1226 discretionary detention; and petitioner's arrest warrant further indicates a detention pursuant to § 1226. *See* Resp. at 5–6 (docket no. 6). The Court accordingly finds that petitioner is subject to discretionary detention under § 1226(a). *See Singh v. Noem*, 2026 WL 1045507, at *3 (W.D. Wash. Apr. 17, 2026) ("In determining whether petitioners . . . are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the

---

[3] The government has not provided the Court with an order from the IJ, and Deportation Officer Reed does not declare that he was at petitioner's bond hearing or has personal knowledge about what transpired. *See generally* Reed Decl. (docket no. 7).

Court considers the government's treatment of the petitioner . . . as 'particularly relevant.'" (quoting *Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025))).

**B. <u>Due Process</u>**

Petitioner argues that, pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976), he was entitled to notice and an opportunity to be heard prior to his re-detention. *See* Pet. ⁋ 21 (docket no. 1). The government acknowledges that, under this District's caselaw, the *Mathews* framework is applicable, and that "due process is violated when noncitizens released on an OREC[4] are re-detained without a pre-deprivation hearing." *See* Resp. at 7 (docket no. 6) (citing *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wa. 2025)). Here, all three *Mathews* factors weigh in petitioner's favor: (i) he has a protected liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or non-existent. *See A.C.J. v. Hermosillo*, 2026 WL 73857, at *3–6 (W.D. Wash. Jan. 9, 2026); *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24. Therefore, petitioner's re-detention without notice and a pre-deprivation hearing violated due process.

---

[4] The government treats petitioner's initial release as synonymous with an order of release on recognizance ("OREC"), and the Court accordingly does the same. *See* Resp. at 5–7 (docket no. 6).

The government argues that a post-deprivation hearing is a sufficient remedy in this case, rather than immediate release. *See* Resp. at 7 (docket no. 6). The cases cited by the government, however, are distinguishable because they all involve re-detention after criminal arrest or substantial noncompliance with the immigration process. *See, e.g.*, *Azimov v. Scott*, 2026 WL 2797213, at *2 (W.D. Wash. Sept. 18, 2026) ("ICE re-detained Petitioner only after he was arrested on separate criminal charges."); *Quinonez Torres v. Hermosillo*, 2026 WL 547591, at *9 (W.D. Wash. Feb. 23, 2026) (re-detention after arrest for assault and battery); *Singh v. Noem*, 2026 WL 592265, at *3 (W.D. Wash. Mar. 3, 2026) (re-detention after various violations of an OREC). No criminal charges or immigration violations are at issue here. *See* Nerestant Decl. ⁋ 11 (docket no. 2). The Court therefore concludes that immediate release is the proper remedy. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324 ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").[5]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is GRANTED. Within twenty-four (24) hours of the entry of this Order, the government shall

[5] Petitioner alternatively seeks a second bond hearing. *See* Pet. ⁋ 5 (docket no. 1). The government argues that petitioner must exhaust administrative remedies before challenging the adequacy of his bond hearing. *See* Resp. at 8–10. In light of its finding that petitioner is entitled to immediate release, the Court need not decide whether the bond hearing was adequate.

(a) SERVE a copy of this Order on petitioner, and (b) RELEASE petitioner Isnold Nerestant from custody at the NWIPC;

(2) Within forty-eight (48) hours of the entry of this Order, the government shall file a declaration confirming that (a) petitioner was served with a copy of this Order, and (b) petitioner has been released from custody;

(3) Petitioner shall not be re-detained without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker unless (a) probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense, or (b) petitioner is subject to an order of removal that is both administratively and judicially final within the meaning of 8 U.S.C. § 1231(a)(1)(B) for purposes of computing the removal period referenced in 8 U.S.C. § 1231(a)(2)(A); and

(4) The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2, above, has been filed, and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 29th day of October, 2026.

Thomas S. Zilly

Thomas S. Zilly
United States District Judge